# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CRISTIAN MARTINEZ and PAUL ESTRADA, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | CASE NO. 6:22-cv-00171 |
| v. | |
| ANDERSON COUNTY; KARINA GARCIA, in her official capacity as ANDERSON COUNTY BOND SUPERVISION OFFICER, | PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS OR ABATE |
| Defendants. | |

**Table of Contents**

Table of Authorities ............................................................................................................. ii

I. Introduction ............................................................................................................. 1

II. *Perkins* and *Martinez* Involve Different Plaintiffs............................................... 1

III. Plaintiffs' Claims Are Not Frivolous ..................................................................... 2

IV. Resolution of *Perkins* Will Not Also Resolve *Martinez*...................................... 3

V. That Plaintiffs in *Perkins* and *Martinez* Are Represented by the Same Counsel Does Not Make *Martinez* a Duplicative Lawsuit............................................................ 4

VI. Conclusion ............................................................................................................... 4

## **Table of Authorities**

### **Cases**

*Craig v. CenturyLink Inc.*, No. 3:17-CV-01005, 2017 WL 4785647 (W.D. La. Oct. 19, 2017).... 3

*Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-4330, 2021 WL 1415900 (S.D. Tex. Apr. 12, 2021) ........................................................................................................................... 3

*In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495 (E.D. Tex. Oct. 21, 2020) ........................................................................................................................... 3

*In re: Wells Fargo Wage & Hour Emp. Pracs. Litig. (No. III)*, No. H-11-2266, 2011 WL 13135156 (S.D. Tex. Dec. 19, 2011) ................................................................... 4

*Jones v. Singing River Health Servs. Found.*, No. 1:14CV447-LG-RHW, 2015 WL 12672726 (S.D. Miss. June 5, 2015).................................................................................... 3, 4

*Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, No. 4:17-CV-03013, 2018 WL 541197 (S.D. Tex. Jan. 3, 2018)................................................................................................. 3

I.  **Introduction**

In their reply, Defendants continue to ignore the central fact that Plaintiffs Cristian Martinez and Paul Estrada are different people from Plaintiff Edward Leroy Perkins. That they are represented by the same attorneys does not make them the same people nor does it make their cases the same. Defendants' argument that Plaintiffs in *Perkins* and *Martinez* are the same people (and therefore engaged in duplicative litigation) because both cases were filed as putative class actions misses another central fact: no class has been certified in either case. There is a pending motion for class certification in *Martinez* (to which Defendants have not filed an opposition, even though the motion was filed May 4, 2022 (Doc. 3), Defendants were served on May 5 and 6, 2022 (Doc. 7), and their responses were due on May 19 and 20, 2022 (L.R. CV-7(e)), but there has been no ruling on it. Plaintiff Perkins is not part of the *Martinez* class unless and until that class is certified. Even then, case consolidation remains the most appropriate procedural posture for these cases. In their reply, Defendants reiterate many of the same arguments that Plaintiffs have already addressed and so Plaintiffs will not repeat their rebuttal here, but will instead focus on responding briefly to several specious arguments that Defendants raise.

II.  ***Perkins* and *Martinez* Involve Different Plaintiffs**

Edward Leroy Perkins filed a case challenging the policies of Anderson County's Bond Office. *Perkins*, Doc. 1, Case No. 6:20-cv-76. Mr. Perkins then moved unsuccessfully to amend his complaint, adding Christian Miles and James Aaron Hodge as plaintiffs. *Perkins*, Doc. 42, Case No. 6:20-cv-76. Cristian Martinez and Paul Estrada — who were not parties to either Perkins' original complaint nor Perkins' motion to amend — filed their own case challenging the policies of Anderson County's Bond Office. *Martinez*, Doc. 1, Case No. 6:22-cv-00171.

Neither Perkins, Miles, nor Hodge are plaintiffs in *Martinez*, and neither Martinez nor Estrada are plaintiffs in *Perkins*. Defendants make much ado about the denial of leave to amend in

*Perkins*, without acknowledging that Plaintiffs Martinez and Estrada were not and are not a part of *Perkins*, so were not involved and could not have been involved in any decision about moving for leave to amend the *Perkins* complaint. In addition, the proposed additional plaintiffs in the amended complaint in *Perkins*, Miles and Hodge, are not plaintiffs in *Martinez*. Defendants attempt to conflate these separate people in an effort to confuse what is actually very clear: the plaintiffs in *Perkins* and *Martinez* are different people, and therefore the case law regarding duplicative litigation filed by the same plaintiff does not apply. Even if *Martinez* were duplicative of *Perkins* (it is not), dismissal is not automatic and case consolidation is appropriate. *See Martinez*, Opposition to Motion to Dismiss, Doc. 10, Section III.[1]

### III. Plaintiffs' Claims Are Not Frivolous

Defendants allege, without support, that the claims in *Martinez* are frivolous. Defendants cite some Texas state law provisions to suggest frivolity, but those provisions are irrelevant here given that Plaintiffs challenge Defendants' policies on the basis of federal law.

Defendants also seem to suggest that the *Martinez* claims are frivolous because they are all related to the claim in *Perkins*, yet of course there is some relation because the claims challenge the same policies. A policy or law can be challenged on multiple grounds, which is precisely what Plaintiffs have done. That their claims are related does nothing to diminish their validity and instead speaks to Plaintiffs' efforts to be efficient with theirs and this Court's resources by putting all claims into one case.

---

[1] Defendants also condemn Plaintiffs Martinez and Estrada for naming Karina Garcia as a defendant since Ms. Garcia was not named as a defendant in *Perkins*. What this has to do with duplicative litigation is unclear, and, if anything, speaks more to how *Perkins* and *Martinez* are distinguishable, rather than duplicative. Counsel for Plaintiffs have attorney-client and work product privileges regarding their decisions on selecting defendants and claims, so it is unclear what explanation Defendants would be entitled to, but one reason stands out clearly: *Martinez* raises a financial conflict of interest due process claim (Claim 3) that is directly related to Ms. Garcia, as it is her salary that is funded through the bond fees she is responsible for collecting.

2

### IV.     Resolution of *Perkins* Will Not Also Resolve *Martinez*

Without support, Defendants insist that resolution of *Perkins* is all that is needed to resolve *Martinez*, ignoring the fact that while *Martinez* also challenges the policies of the Anderson County Bond Office, it does so on different grounds. Even if the one overlapping count in *Perkins* and *Martinez* were to resolve against Plaintiff Perkins, *Martinez* would remain a live controversy. Defendants have no support for their argument that resolution of a due process claim regarding deprivation of pre-trial arrestees' property (Count One in *Perkins* and *Martinez*) would somehow also resolve an equal protection claim regarding wealth-based discrimination (Count Six in *Martinez*) and a constitutional privacy claim (Count Eight in *Martinez*), among others.

Furthermore, no class has been certified in *Perkins*, so any decision in *Perkins* would not be binding on Plaintiffs Martinez nor Estrada. Even if *Perkins* were to resolve *against* Plaintiff Perkins, Plaintiffs Martinez and Estrada would still be free to pursue their claims.[2]

Since the resolution of *Perkins* does not moot *Martinez*, there is no basis for dismissing *Martinez*. Defendants argue, without explanation, that they would be "significantly prejudiced" if they had to conduct additional discovery in *Martinez*, Doc. 11 at p. 5, while ignoring that dismissal or abatement would actually create more work for them via multiple summary judgment and trial stages. Abating *Martinez* until resolution of *Perkins* creates inefficiencies through duplicative case stages and delays justice for Plaintiffs Martinez and Estrada.

---

[2] Even where there are multiple class actions at issue, consolidation is common. *See, e.g.*, *Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-4330, 2021 WL 1415900, at *2 (S.D. Tex. Apr. 12, 2021) ("[C]ourts routinely consolidate multiple class actions that allege essentially similar, but not identical, securities claims"); *In re Toyota Hybrid Brake Litig.*, No. 4:20-CV-127, 2020 WL 6161495, at *3 (E.D. Tex. Oct. 21, 2020) (discussing consolidation of three class actions); *Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan*, No. 4:17-CV-03013, 2018 WL 541197, at *2 (S.D. Tex. Jan. 3, 2018) (consolidating two class actions); *Craig v. CenturyLink Inc.*, No. 3:17-CV-01005, 2017 WL 4785647, at *2 (W.D. La. Oct. 19, 2017) (consolidating three class actions); *Jones v. Singing River Health Servs. Found.*, No. 1:14CV447-LG-RHW, 2015 WL 12672726, at *3 (S.D. Miss. June 5, 2015) (consolidating three class action cases because the underlying facts in each case were "identical," all cases presented the same issue, all cases in a similar procedural posture, and consolidation would save time and resources).

**V.     That Plaintiffs in *Perkins* and *Martinez* Are Represented by the Same Counsel Does Not Make *Martinez* a Duplicative Lawsuit**

Defendants also find fault with the fact that Perkins, Martinez, and Estrada have decided to retain the same lawyers to represent them and equate that, somehow, with *Perkins* and *Martinez* being the same case. There is no legal significance to separate individuals retaining the same attorneys for their separate claims. Indeed, if there were different counsel for *Perkins* and *Martinez*, this Court could still consolidate the cases because the identity of plaintiffs' counsel is not part of the test for case consolidation. *See Perkins*, Case No. 6:20-cv-76, Doc. 75. Furthermore, when multiple class actions are consolidated, it is common practice to appoint lead counsel to simplify the court's administration of the cases.[3] If *Perkins* and *Martinez* had different counsel and were consolidated, it would follow that this Court would appoint lead counsel, effectively making that counsel the counsel for all plaintiffs, as is the situation before this Court presently. Defendants once again present a red herring argument to challenge a common situation in civil litigation.

**VI.    Conclusion**

For the reasons above, Plaintiffs respectfully request that this Court deny Defendants' motion to dismiss or abate.

> Respectfully submitted,
>
> /s/ *Charles W. Nichols*
> Charles W. Nichols, Texas Bar No. 14994200
> Donald J. Larkin, Texas Bar No 24057702
> The Law Office of Charles W. Nichols, P.C.
> Email:  cnichols@charleswnicholslaw.com
> Email:  donald@charleswnicholslaw.com
> 617 E. Lacy St.
> Palestine, TX 75801
> Tel. (903) 729-5104
> Fax. (903) 729-0347

---

[3] *See, e.g.*, *Jones*, No. 1:14CV447-LG-RHW at *3–4 (discussing appointment of lead counsel for consolidated class actions); *In re: Wells Fargo Wage & Hour Emp. Pracs. Litig. (No. III)*, No. H-11-2266, 2011 WL 13135156, at *2–5 (S.D. Tex. Dec. 19, 2011) (same).

4

*/s/ Natasha Baker*
Natasha Baker, D.C. Bar # 1600874
Phil Telfeyan, D.C. Bar #1029157
Equal Justice Under Law
400 7th St. NW, Suite 602
Washington, D.C. 20004
(202) 505-2058
nbaker@equaljusticeunderlaw.org
ptelfeyan@equaljusticeunderlaw.org

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered counsel.

*/s/ Natasha Baker*
Natasha Baker
