IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EDWARD LEROY PERKINS, individually and on behalf of all others similarly situated<br><br>v.<br><br>ANDERSON COUNTY, TEXAS | § § § § § § § § § | CIVIL ACTION NO. 6:20-cv-76 |

## ORDER

This case is referred for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). For the reasons below, this case is **CONSOLIDATED** with Civil Action No. 6:22-cv-171-JCB-KNM *Martinez, et al. v. Anderson County, Texas, et al.*

### Background

Plaintiff Edward Leroy Perkins ("Perkins") filed an Original Class Action Complaint on February 14, 2020 asserting a 42 U.S.C. § 1983 claim against Defendant Anderson County, Texas ("Anderson County") for violations of his 14th Amendment due process rights. Perkins alleges that individuals who are charged in criminal cases and released on bond in Anderson County are required to report to a bond supervision officer and pay a monthly $50.00 fee to the bond office. Perkins states that, following his arrest on March 23, 2019, he was released on May 11, 2019 and ordered by an Anderson County judge to be placed on conditions of bond that included the $50.00 monthly bond supervision fee.

Perkins contends that he and more than one thousand similarly situated individuals have been required to pay the $50.00 monthly bond supervision fee. He further asserts that collection of the fee from individuals who have only been charged with an offense—as opposed to convicted

1

of an offense—results in a deprivation of property without due process of law.  As the purported class representative, Perkins states that he brings this lawsuit on behalf of:

> All persons who have been accused of a crime in Anderson County, Texas, arrested and incarcerated, posted a surety cash or personal bond, released and placed on bond conditions under the supervision of the Anderson County, Texas Bond Office and paid a supervision fee to the Bond Office without ever being convicted for the crime for which supervision was ordered.

Plaintiff's Original Class Action Complaint, ECF 1, at *4.

More than a year after the case was filed, Defendant filed a motion seeking abstention or, in the alternative, a stay of the case pending a ruling by Texas state courts on the issue.  The Court stayed the case pending resolution of the motion.  While the case was stayed, Plaintiff filed a motion seeking to amend the complaint to add plaintiffs Christian Miles and James Aaron Hodge, a claim concerning urinalysis fees and defendant Karina Garcia in her official capacity as the Anderson County Bond Supervision Officer.  The Court denied the motion for failure to establish good cause and undue delay in seeking amendment.

Six months after the Court denied the motion to amend, a new lawsuit was filed in this Court by Cristian Martinez and Paul Estrada, individually and on behalf of all others similarly situated, against Anderson County and Karina Garcia in her official capacity.  The new lawsuit, Civil Action No. 6:22-cv-171-JCB-KNM, asserts eight claims for relief concerning the bond supervision fee and a urinalysis fee: (1) violation of due process regarding deprivation of property interest in bond supervision fee amount; (2) violation of procedural due process for arbitrary bail; (3) violation of procedural due process for financial conflict of interest; (4) violation of procedural due process regarding ability to pay; (5) violation of procedural due process regarding revocation for non-payment of bond fee; (6) violation of equal protection for wealth-based discrimination; (7) violation of due process and equal protection regarding urinalysis; and (8) violation of right to

privacy. Due to the overlapping claims concerning the bond supervision fee, the Court ordered briefing concerning whether the cases should be consolidated.

Plaintiff asserts that judicial economy supports consolidation and would permit one class, one dispositive motion deadline and one trial. Plaintiff submits that there are common questions of law and fact and common parties, as the named plaintiffs in each case are putative class members of the proposed class in the other case. Both suits are against Anderson County and the second case only adds an individual in her official capacity as an employee of Anderson County. Plaintiff argues that both cases concern the bond supervision fee and consolidation would benefit Defendant by only defending one case. Further, Plaintiff contends that consolidation would avoid overlapping classes with confusion concerning notice periods and damages.

Defendant filed a response opposing consolidation. Defendant asserts that its rights would be prejudiced by allowing Plaintiff, in essence, to now expand this lawsuit after denial of the motion to amend the complaint. Defendant additionally argues that the cases are at different stages and on different paths, with this case at the end of discovery and the new case ready for a scheduling order.

## APPLICABLE LAW

A court may invoke FED. R. CIV. P. 42(a) *sua sponte* to consolidate cases. *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Nat'l Ass'n for Advancement of Colored People of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973). Indeed, "[t]he trial court's managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Courts consider three main factors when exercising this discretion. The first factor is whether the

cases involve common questions of law or fact. FED. R. CIV. P. 42(a). This factor generally favors consolidation when there are common legal issues, factual issues, or parties. *In re Dearborn marine Service, Inc.*, 499 F.2d 263, 270–271 (5th Cir. 1974), *cert. dismissed*, 423 U.S. 886 (1975). Second, courts consider whether consolidation would prevent unnecessary cost or delay, or conserve judicial resources. FED. R. CIV. P. 42(a); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). This factor favors consolidation when it will improve efficiency for either the court or the parties, but weighs against consolidation that will delay existing trial settings. *Broadcom Corp. v. Commonwealth Scientific and Indus. Research Org.*, No. 6:09-cv-513 (E.D. Tex. Jan. 7, 2010) (J. Davis); *Richard v. Doe*, No. 93-0590, 1994 WL 66745, at *1 (E.D. La. Feb. 23, 1994) (refusing to consolidate when it would require continuance for one case's trial date). Lastly, courts look at whether consolidation will result in prejudice or an unfair advantage to either party. *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Consolidation is typically denied when cases are at different stages of preparedness for trial. *Id.* at 990; *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989).

## DISCUSSION

The first factor analyzes whether there are common legal issues, factual issues, or parties. There are clearly common issues between the two cases. Although the new case adds additional legal theories concerning the bond supervision fee and a claim concerning a urinalysis fee, the main component of both cases is the bond supervision fee. Notably, Defendant filed a motion seeking dismissal of the new case on the basis that it is "duplicative." Both cases involve plaintiffs affected by the bond supervision fee and the same defendants. Although the new case adds Karina Garcia as a defendant, she is sued in her official capacity which is, in essence, a suit against

Anderson County.  *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985).  Accordingly, this factor weighs in favor of consolidation.

The second and third factors consider whether consolidation would promote judicial efficiency or result in prejudice or unfair advantage for a party. FED. R. CIV. P. 42(a); *St. Bernard Gen. Hosp.*, 712 F.2d at 989.  Courts are encouraged "to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion."  *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d at 1013.  Here, the cases are at different stages because this case has proceeded with discovery.  On the same date the new case was filed, however, Defendant filed a motion requesting an extension of the discovery deadline, the dispositive motion deadline and the trial setting.  As a result, the existing trial setting in this case would be delayed at Defendant's request, not simply due to consolidation, which mitigates any potential prejudice to Defendant caused by the delay.  Further, it would be inefficient for both cases to proceed separately on the issues surrounding the bond supervision fee, particularly at the dispositive motion stage.  The second and third factors also weigh in favor of consolidation.

The factors weigh in favor of consolidation.  It is therefore

**ORDERED** that, in the interests of judicial economy and efficiency, the above-styled lawsuit is **CONSOLIDATED** for all purposes with Civil Action No. 6:22-cv-171-JCB-KNM *Martinez*, *et al*. v. *Anderson County, Texas, et al*.  The *Martinez* case shall be designated as the lead case and this case is **ADMINISTRATIVELY CLOSED**.  All future filings shall be in the lead case.

So ORDERED and SIGNED this 29th day of June, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE