IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CRISTIAN MARTINEZ and PAUL ESTRADA, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANDERSON COUNTY, *et al.* <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 6:22-cv-171-JCB-KNM <br><br> LEAD CASE |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs' Motion to Voluntarily Dismiss Plaintiff Cristian Martinez (ECF 75), Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Plaintiff Cristian Martinez (ECF 76) and Plaintiffs' Reply ISO Motion to Voluntarily Dismiss Plaintiff Cristian Martinez (ECF 78). Having considered the motion, response and reply, and for the reasons stated herein, it is recommended that the motion be **GRANTED**.

### BACKGROUND

Plaintiffs Cristian Martinez and Paul Estrada initiated this purported class action against Defendants Anderson County and Karina Garcia in her official capacity as the Anderson County Bond Supervision Officer. Plaintiffs challenge pre-trial, pre-conviction, non-refundable fees assessed in criminal cases in Anderson County, Texas, including bond supervision and urinalysis fees, and pretrial questionnaires. The case is consolidated with an earlier filed action – *Perkins v. Anderson County, Texas*, Civil Action No. 6:20-cv-76-JCB-KNM. In their motion to certify the

class, Plaintiffs identify Paul Estrada and Edward Perkins as class representatives. Cristian Martinez, although a named plaintiff in this lawsuit, is not identified as a class representative.

Plaintiffs now seek to dismiss Cristian Martinez as a named plaintiff without prejudice. Plaintiffs submit that he is unavailable to participate in this lawsuit due to an unrelated pending criminal case.

In response, Defendants seek a dismissal with prejudice. Defendants complain that Plaintiffs have not produced Martinez for deposition as requested. They submit that a dismissal with prejudice is reasonable in exchange for not producing Martinez for deposition. Defendants also argue that they will be prejudiced by a dismissal without prejudice because "they have already expended significant resources in defending this litigation filed by Plaintiff Martinez."[1]

Plaintiffs' reply asserts that Defendants have not shown prejudice warranting a dismissal with prejudice. Plaintiffs submit that Defendants have only produced a small amount of discovery specifically related to Martinez in this case. They contend that the bulk of the work invested in this case by both sides applies to the ongoing litigation. Plaintiffs assert that they raised the issue of Martinez's unavailability as soon as practical, while discovery was ongoing, and there will be no legal prejudice to Defendants.

## APPLICABLE LAW

Plaintiffs seek a dismissal pursuant to FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." As a general rule, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

---

[1] Defendants' Response to Plaintiffs' Motion to Voluntarily Dismiss Plaintiff Cristian Martinez, ECF 76, at *2.

## ANALYSIS

Here, the prejudice identified by Defendants that would result from a dismissal without prejudice is that they were not able to depose Martinez and they have invested resources in this lawsuit.  Notably, Plaintiffs bring this action seeking class certification.  Defendants do not explain the harm caused by an inability to depose Martinez since he is not named as a potential class representative.  Moreover, by its very nature, the claims of the named plaintiffs must be aligned with those of the class members.  Martinez does not assert unique claims separate from the other named plaintiffs and potential class members.  As a result, the resources that have been expended on this litigation are not lost.  The work done is equally applicable to the remaining Plaintiffs' claims in this ongoing lawsuit.  Defendants have not shown legal prejudice that would result from the dismissal of Martinez's claims without prejudice.

## RECOMMENDATION

It is accordingly recommended that Plaintifffs' Motion to Voluntarily Dismiss Plaintiff Cristian Martinez (ECF 75) be granted and that his claims be dismissed without prejudice.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).  The written objections shall not exceed eight pages.  Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415,

1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 1st day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE