UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00171

**Cristian Martinez et al.,**
*Plaintiffs,*

v.

**Anderson County, TX, et al.,**
*Defendants.*

**O R D E R**

Plaintiffs filed this action asserting claims pursuant to 42 U.S.C. § 1983. Doc. 1. The magistrate judge issued a report recommending that defendants' motion to abstain be granted. Doc. 112. Plaintiffs filed written objections. Doc. 115. Defendants responded to the objections. Doc. 117. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

In this consolidated case, plaintiffs challenge pretrial, preconviction, non-refundable fees assessed for all individuals placed on pretrial bond supervision in criminal cases in Anderson County, Texas, including pretrial questionnaires as well as bond supervision and urinalysis fees. The court granted class certification and certified two classes: (1) a damages class of all persons who are or have been on pretrial bond supervision in Anderson County and charged bond supervision and/or urinalysis fees; and (2) an injunctive class of all persons who are or will be on pretrial bond supervision in Anderson County and charged bond supervision and/or urinalysis fees. Docs. 83, 92.

The Fifth Circuit recently applied the *Younger* abstention doctrine in the context of challenges to state bail procedures. *See Daves v. Dallas Cnty.*, 64 F.4th 616 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 548 (2024). The Fifth Circuit—noting the significant number of cases "asking federal courts to judicially order and enforce state court bail reforms"—recognized that abstention

is particularly appropriate for interventions into state criminal procedures. *Id.* at 623. *Younger* abstention applies where: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 625 (internal quotation marks omitted) (quoting *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012)).

In their objections, plaintiffs argue that the motion to abstain was untimely, there is no ongoing state proceeding, the case does not involve judicially imposed fees, and there are no available state proceedings to challenge the bond conditions. Doc. 115. Plaintiffs also suggest that the magistrate judge's recommendation of dismissal is impermissible under *Younger*. *Id.* at 8. However, these objections ignore the report's application of a case decided after *Daves*—*Little v. Doguet*, 71 F.4th 340 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1001 (2024). In *Little*, the Fifth Circuit applied its analysis in *Daves* to class-action litigation challenging bail practices in a Louisiana parish. The court explained that its en banc decision in *Daves* "held that district courts must abstain from suits contesting a local jurisdiction's bail practices when there is an opportunity in state court to present constitutional challenges to bail," *id.* at 342, and there are "remedies available under state law to address bail," *id.* at 345.

Like the plaintiffs in *Little*, plaintiffs here seek injunctive relief aimed at providing procedural and substantive protections for all arrestees released on pretrial bond. Doc. 1 at 25–29. This satisfies the first condition of *Younger* abstention requiring interference with ongoing state proceedings—here, plaintiffs' ongoing criminal proceedings in which the challenged bond conditions and fees are employed. *Id.* at 346. The injunctive relief sought by plaintiffs would require this court to indefinitely oversee these proceedings—and potentially even mandate procedural safeguards—to prevent the alleged "unconstitutional and illegal policies and

practices" described in plaintiffs' complaint. Doc. 1 at 28. Such intrusion seems incompatible with *Younger*, *Daves*, and *Little*.[1]

In addition, the fees at issue are part of the pretrial criminal procedure for arrestees released on bond. *Daves* did not narrowly limit the abstention doctrine to judicially set bail as argued by plaintiffs. Instead, the court explicitly determined that abstention applies to state criminal procedures. *See Daves*, 64 F.4th at 625. "[S]tates have a vital interest in regulating their pretrial criminal procedures including assessment of bail bonds." *Id.* at 627 n.21; *Little*, 71 F.4th at 346. The supervision fees here also vindicate the state's "compelling interest in assuring the presence at trial of persons charged with crime." *Pugh v. Rainwater*, 572 F.2d 1053, 1056 (5th Cir. 1978).

Finally, neither *Daves* nor *Little* requires an immediate opportunity to litigate these claims within state proceedings. Instead, what is required is that there be "an opportunity to raise federal claims in the course of state proceedings." *Daves*, 64 F.4th at 629. "[S]tate remedies are inadequate only where 'state law *clearly bars* the interposition of the constitutional claims.'" *Little*, 71 F.4th at 347 (emphasis in original) (quoting *Daves*, 64 F.4th at 632).

Here, Texas laws concerning state court procedures "'do not clearly bar the raising of' federal constitutional challenges to a state system." *Id.* at 348 (quoting *Daves*, 64 F.4th at 633). To the contrary, defendants provide several examples where Texas courts in Fort Bend County have modified bond conditions. *See* Doc. 117 at 6–7 (citing *State v. Thinh Vuong*, No. 19-DCR-88504,

---

[1] Plaintiffs cite three cases—two from the Fifth Circuit and one from the Supreme Court—for the proposition that federal courts have previously considered challenges to pretrial fees. Doc. 115 at 11 (citing *Broussard v. Parish of Orleans*, 318 F.3d 644 (5th Cir. 2003); *Enlow v. Tishmingo Cnty.*, 45 F.3d 885 (5th Cir. 1995); *Schilb v. Kuebel*, 404 U.S. 357 (1971)). However, all three opinions rejected these challenges on the merits and did not analyze the issue of abstention. These opinions thus do not suggest that abstention is inappropriate in cases involving pretrial fees, especially where the requested relief would disrupt ongoing state criminal proceedings. Notably, in none of these cases was the Fifth Circuit or Supreme Court willing to permit federal injunctive oversight of state criminal pretrial proceedings.

2020 Tex. Dist. LEXIS 4024 (400th Judicial District, Fort Bend County, April 8, 2020) (granting defendant's motion to modify bond conditions by waiving pretrial service fees for a period of time and removing GPS monitor); *State v. Ukwamedua*, No. 18-DCR-080233, 2019 Tex. Dist. LEXIS 26009 (458th Judicial District, Fort Bend County, June 24, 2019) (ordering that monthly monitoring fees only be assessed against defendant's case rather than paid immediately); *State v.* Rosales, No. 18-DCR-082753, 2018 Tex. Dist. LEXIS 9070 (434th Judicial District, Fort Bend County, August 6, 2018) (suspending drug/alcohol testing requirement and related fees until further consideration); *State v. Espinal*, No. 19-DCR-088997, 2019 Tex. Dist. LEXIS 25611 (400th Judicial District, Fort Bend County, October 14, 2019) (relieving defendant of drug/alcohol testing requirement and associated County Community Supervision and Corrections Department fees)).

Defendants point out that these cases feature underlying court orders setting bond conditions, as opposed to the supervision fees in this case, which are determined by the Anderson County Community Bond Supervision Office. However, the Texas cases above also include judicial modification of fees not set by court order but by the Fort Bend County Community Supervision and Corrections Department. Even if this were not the case, the bond conditions form here appears to be signed by a state judge and requires plaintiffs to report to the Anderson County Bond Office and pay for randomized drug testing. Docs. 90-5 at 9–10, 90-6 at 6. It is unclear to this court why plaintiffs seem unwilling to petition the state court for modification of these conditions to waive any fees that they may find overly burdensome or otherwise objectionable.

As recognized in *Daves*, the Texas Code of Criminal Procedure also provides an avenue for collateral relief "[w]here a person has been committed to custody for failing to enter into bond." Tex. Code. Crim. P. art. 11.24. Plaintiffs argue that this would not apply to the fees at issue. However, they fail to make any showing that Texas detainees have been imprisoned for similar fee nonpayment

and subsequently denied relief under this provision. Absent Texas court precedent denying such relief, the court is unable to conclude that habeas review of bond conditions is clearly barred by Texas law.

At the very least, there has been no showing that Texas law clearly bars Texas courts from considering constitutional challenges to bond supervision, including conditions imposed as a part of that bond supervision.

All three conditions for *Younger* abstention are met, no exceptions to *Younger* apply,[2] and abstention is appropriate. Accordingly, "[t]he abstention doctrine applied in *Daves* requires that [this court] decline to exercise jurisdiction" over plaintiff's claims. *Little*, 71 F.4th at 345. The recent decisions in *Daves* and *Little*, emphasizing the importance of abstention considerations for interventions into state criminal procedures, warrant reconsideration of this court's prior order denying abstention, *see Perkins v. Anderson Cnty.*, No. 6:20-cv-00076, ECF 53 (E.D. Tex. Sept. 23, 2021), and overcome any timeliness concerns raised by plaintiffs.

Turning to the proper disposition of this case given abstention, dismissal is appropriate where *Younger* applies to claims for injunctive relief. *See Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (unpublished) (holding that plaintiff's claims for injunctive relief "must be dismissed pursuant to the *Younger* abstention doctrine"). On the other hand, this court acknowledges that the Fifth Circuit has generally "held that *Younger* is not applicable to claims for damages." *Id.* (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)). However, the Fifth Circuit has qualified this general rule, recognizing that, if *Younger* does apply to a damages claim, "the proper course of action is for a district court to stay the claims for damages pending the outcome of the state

---

[2] Defendants initially raised the irreparable-injury exception, *see DeSpain v. Johnston*, 731 F.2d 1171, 1176–77 (5th Cir. 1984), but did not object to the report's conclusion that "a delay in the ability to raise a constitutional challenge to bond conditions, resulting in cost, anxiety, and inconvenience, does not create an irreparable injury." Doc. 112 at 7. The court finds no clear error in this conclusion.

- 5 -

proceedings." *Id.* (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)). The Supreme Court has also noted that abstention principles are "not . . . completely inapplicable in damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). This is particularly true where a damages award may "interfere with or pre-empt the progress of state criminal proceedings." *Deakins*, 484 U.S. at 208 (White, J., concurring).

The damages requested here prompt such federalism and comity concerns as would justify applying *Younger* abstention. Plaintiffs seek "[a] judgment compensating Plaintiffs and the Classes of similarly-situated individuals for the damages that they suffered as a result of Defendants' unconstitutional and unlawful conduct, specifically all sums paid to the Bond Office."[3] Doc. 1 at 28. The damages class includes all persons who *are or have been* on pretrial bond supervision in Anderson County and charged bond supervision and/or urinalysis fees. Doc. 22 at 7. This class thus likely includes numerous individuals who are *currently* the subject of state criminal proceedings.

Plaintiffs would have this court order repayment of fees that are being collected as part of these proceedings. In so doing, this court would necessarily have to determine the constitutionality of various aspects of Anderson County's bond conditions and procedures. Indeed, if abstention does not apply in such situations, *Younger* and *Daves* would essentially be a dead letter as arrestees—foreclosed from equitable relief—could still force a "federal audit of state criminal proceedings" by asking federal courts to comb through criminal pre-trial supervision fee determinations in ongoing criminal cases, searching for constitutional error that could justify repayment. *Daves*, 64 F.4th at 631.

When an individual brings a common-law damages claim as to which a federal court must abstain, a stay pending completion of the related state proceedings is generally appropriate. *Quackenbush*, 517 U.S. at 730–31. But *Quackenbush* "left open the

---

[3] Plaintiffs identify the relevant time period as fees paid on or after February 14, 2018. Doc. 83 at 12.

question of how abstention principles might be extended to grant federal courts power to dismiss other damages actions." *Casa Bella Luna, LLC v. Gov't of U.S. Virgin Islands*, No. 3:22-cv-00015, 2024 WL 4347767, at *8 n.12 (D.V.I. Sept. 30, 2024). And unlike in *Quackenbush*, this case is not a common-law action for damages but rather an action alleging an unconstitutional application of Texas's statutorily authorized scheme for imposing fees for supervision upon pretrial bond release. As such, any award of damages turns first on a declaration that the government violated constitutional rights. And the Supreme Court has upheld the dismissal of actions as to which federal courts must abstain because the recovery of damages would first require a declaration or determination of the unconstitutionality of a state action. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 115 (1981); *see Casa Bella*, 2024 WL 4347767, at *8 n.12.

Moreover, *Quackenbush* is further distinguishable because plaintiffs brought and obtained certification of this case as a class action. As a result, there is no single or readily identifiable underlying state court proceeding whose completion would serve as an endpoint for a stay of this federal action. Nor did plaintiffs seek to cure this issue by conditionally moving to decertify the damages class in the face of defendants' motion to abstain. The court thus concludes that the damages claim at issue here should also be dismissed based on abstention principles.

\* \* \*

The court grants the motion to abstain, overrules plaintiffs' objections, accepts the magistrate judge's findings and recommendation, and dismisses this case without prejudice. Any pending motions are denied as moot.

*So ordered by the court on February 20, 2025.*

J. CAMPBELL BARKER
United States District Judge